UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x

YAROSLAV CHURUK,                                        :
                                                       :
                              Petitioner,              :
                                                       :          **MEMORANDUM &**
        -against-                                      :          **ORDER DENYING**
                                                       :          **PETITION FOR WRIT**
                                                       :          **OF HABEAS CORPUS**
WARDEN, FCI DANBURY, BUREAU                             :
OF PRISONS,                                             :
                                                       :          3:24-CV-1306 (VDO)
                              Respondent.               x

---------------------------------------------------------------

**VERNON D. OLIVER**, United States District Judge:

Petitioner Yaroslav Churuk filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") application of his First Step Act ("FSA") earned time credits. *See* Petition ("Pet."), ECF No. 1. In response to the Court's order to show cause, Respondent, the Warden of Federal Correctional Institution ("FCI") Danbury, where Petitioner is housed, contends that Petitioner is statutorily ineligible to earn FSA earned time credits because he is not a United States citizen and is subject to a removal order. Response, ECF No. 8.

For the following reasons, the Court agrees with Respondent and thus **DENIES** Petitioner's petition for a writ of habeas corpus.

I.    <u>BACKGROUND</u>

Petitioner was convicted in the Eastern District of Pennsylvania of Conspiracy to Participate in a Racketeering Enterprise and sentenced to 240 months' imprisonment and 3 years of supervised release. Pet. at 1. Petitioner is currently serving this sentence at FCI Danbury. *Id.* His statutory projected release date is May 15, 2030. *See* Resp't Ex. 1, ECF No.

8-1 at 6. Petitioner has filed a habeas corpus petition under 28 U.S.C. § 2241, alleging BOP has denied him FSA earned time credits while he was on a writ of habeas corpus *ad testificandum*, in transit, in the hospital, on suicide watch, or under investigation. *See* Pet. at 2–3.

## II.   LEGAL STANDARD

A federal prisoner may petition for habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (internal citations omitted). A petition arising under § 2241 is thus the appropriate vehicle for challenging the computation of a prisoner's sentence. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

## III.   DISCUSSION

The FSA encourages federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs") by providing time credits to inmates who successfully completes such programs. *See* 18 U.S.C. § 3632(d)(4)(C); 28 C.F.R. § 523.40(b); *Dailey v. Pullen*, No. 22-CV-1121 (SRU), 2023 WL 3456696, at *4 (D. Conn. May 15, 2023). An inmate classified as minimum or low risk of recidivism earns

either ten or fifteen days of FSA time credits for every thirty days of successful participation in EBRRs or PAs. 18 U.S.C. § 3632(d)(4)(A). The application of these time credits enables an inmate to be transferred earlier than the completion date of his sentence to prerelease custody, such as home confinement or placement at a residential reentry center, or to supervised release. *See* 18 U.S.C. §§ 3624(g)(2), 3624(g)(3), 3632(d)(4)(C); *see also Saleen v. Pullen*, No. 23-CV-147 (AWT), 2023 WL 3603423, at *1 (D. Conn. Apr. 12, 2023) ("Prelease custody can be in the form of either home confinement or transfer to a residential reentry center."). However, not all inmates are statutorily eligible to earn FSA time credits.

The FSA provides, in relevant part, that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits[.]" 18 U.S.C. § 3632(d)(4)(A). "[S]ubparagraph (D)" enumerates a list of offenses that would disqualify an inmate from earning FSA credits. *See* 18 U.S.C. § 3632(d)(4)(D). Petitioner argues that this subparagraph does not bar him from earning credits while on writs or in transit. *See* Pet. at 2. While true, a different subparagraph bars Petitioner from earning credits regardless of the circumstances described in his petition. *See id.* at 2–3.

Subparagraph E provides that "[a] prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i). Immigration records provided by Respondent show that Petitioner is the subject of a final order of removal. *See*

3

Resp't Ex. 1 at 10 (immigration detainer), 27 (order of removal). Thus, Petitioner is statutorily ineligible to earn FSA credits regardless of the circumstances cited in his petition. *See*, *e.g.*, *Flete-Garcia v. Stover*, No. 23-CV-00746 (KAD), 2023 WL 8435854, at *2 (D. Conn. Nov. 29, 2023) (citing 18 U.S.C. § 3632(d)(4)(E)) (concluding habeas petitioner was ineligible to earn FSA credits because he was subject to removal order); *Murillo-Cabezas v. F.C.I. Otisville Warden*, No. 23-CV-11329 (RA), 2024 WL 3638331, at *2 (S.D.N.Y. Aug. 2, 2024) (reaching same conclusion).

As Petitioner is statutorily ineligible to earn FSA credits because he is subject to a final order of removal, he has not met his burden of "proving that he is being held contrary to law[.]" *Skaftouros*, 667 F.3d at 158. Accordingly, Petitioner's habeas corpus petition is **DENIED**.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, the petition for writ of habeas corpus (ECF No. 1) is **DENIED**. The Clerk is respectfully directed to close the case.

**SO ORDERED.**

Hartford, Connecticut
October 21, 2024

/s/ Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

4